No. 63,888

In the Matter of JAMES LARRY LINN, *Respondent.*

(781 P.2d 738)

Opinion filed October 27, 1989.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause for the petitioner.

*James Larry Linn,* pro se, and *Steven L. Islas,* of Wichita, argued the cause for the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the disciplinary administrator against James Larry Linn, of Wichita, an attorney admitted to the practice of law in Kansas. The amended complaint filed against respondent alleges violations of the Kansas Code of Professional Responsibility, Supreme Court Rule 225 (1988 Kan. Ct. R. Annot. 142); and Supreme Court Rule 207 (1988 Kan. Ct. R. Annot. 121).

A formal hearing before the panel of the Board for Discipline of Attorneys was held on January 18, 1989, and on February 23, 1989, at the Kansas Judicial Center, Topeka, Kansas, on Counts I through III. Respondent appeared in person and by counsel. Subsequent to the above hearings, a second formal complaint was filed against the respondent bearing a mailing certificate of April 12, 1989, which came regularly on for hearing on May 23, 1989. The panel's report on the first three counts was held in abeyance pending the hearing on the subsequent complaint. In the hearing on May 23, 1989, on the subsequently filed complaint, the respondent failed to appear in person or by counsel.

The facts are not in dispute. In early April 1987, respondent agreed to handle a workers' compensation claim for the complainant. Other than notifying the employer's insurance carrier of his representation of the complainant, by correspondence dated April 22, 1987, respondent did nothing further in regard to the claim. Thereafter, the complainant attempted to contact the respondent without success. Her numerous telephone calls and subsequent letters were not acknowledged by the respondent. On January 15, 1988, the complainant sent the respondent a certified letter requesting her file back, to which there was no response. On March 2, 1988, in response to her call, respondent's

secretary informed her the file could not be sent to her but that she would have to personally pick it up.

After a complaint had been filed against the respondent, the respondent was contacted by letters dated May 20 and June 23, 1988, from a member of the Wichita Bar who had been assigned by the disciplinary administrator's office to investigate the complaint. This correspondence requested respondent to respond to the complaint in writing. No response was made to these requests.

In Count II of the first complaint, respondent was initially charged with neglect of a legal matter entrusted to him and failure to cooperate with the disciplinary administrator's office in the investigation of the complaint. Prior to the hearing of January 18, 1989, the disciplinary administrator dismissed the neglect charge but not the charge of respondent's failure to cooperate with the disciplinary administrator's office in the investigation of the complaint. In regard to this latter charge, respondent was contacted by correspondence dated July 8, 1988, and September 6, 1988, from an attorney of the Wichita Bar who had been assigned by the disciplinary administrator's office to investigate the complaint. This correspondence requested that respondent respond in writing to the charges brought in the complaint. The respondent failed to respond to these requests.

In Count III, respondent was charged with neglect in his handling of a Wichita traffic citation against a complainant who, two years later, was incarcerated on a bench warrant for his failure to appear at the Wichita Municipal Court on the citation. Respondent was also charged with his failure to cooperate with the disciplinary administrator's office in the investigation of the complaint.

In March 1986, the complainant received three municipal traffic citations, two in Wichita and one in Mulvane, Kansas. The complainant advised respondent that he could not have any more moving violations charged against him and wanted the charges taken care of however possible without a moving violation conviction. Respondent satisfactorily concluded matters on one of the Wichita complaints by obtaining a dismissal of the action. On the Mulvane citation, respondent satisfactorily concluded that matter by obtaining a reduction in the charges to a nonmoving violation and a minor fine.

By correspondence to the complainant dated June 30, 1986, respondent advised the complainant that he could not resolve the outstanding Wichita citation other than obtaining a reduced charge that would still be a moving violation plus a fine, and requested the complainant to let the respondent know what the complainant wanted to do. The complainant never advised the respondent of his wishes as to disposition of the outstanding Wichita citation in response to respondent's letter. However, the case was set for trial on June 26, 1986. Respondent failed to notify the complainant of the trial date and neither the respondent nor the complainant appeared for trial.

The complainant was subsequently contacted by a second letter from the respondent dated September 3, 1986, advising as to the disposition of the Mulvane charge. This correspondence referred to the respondent's previous letter to the complainant in June 1986, which had mentioned the Mulvane matter as well as the outstanding Wichita matter, but the September 3, 1986, letter did not specifically mention respondent's request for advice on the outstanding Wichita citation. In due course, a bench warrant was issued on April 17, 1987, on the Wichita citation for the complainant's failure to appear. Respondent failed to respond to two written requests for him to respond in writing to the charges brought against him in this complaint.

At the first hearings, respondent did not dispute the violations but offered evidence in mitigation. In this regard, respondent testified and offered into evidence the deposition testimony, taken February 9, 1989, of Dennis K. Buth, M.D., of Wichita, the treating physician for respondent's diabetes.

Respondent's testimony and the deposition testimony of Dr. Buth established that respondent was suffering acute symptoms from his undiagnosed adult onset diabetes when the doctor first saw respondent on September 29, 1988.

It was the doctor's opinion that the respondent had been suffering from his undiagnosed diabetic condition for approximately one year prior to September 29, 1988, during which time respondent had experienced a weight loss from 156 pounds to 126 pounds when the doctor first saw respondent. Dr. Buth testified respondent's first normal blood sugar level was achieved in January 1989.

Dr. Buth testified that a high blood sugar level would affect a

person's rational thinking, make him less responsive to demands put upon him, and affect his vision.

Dr. Buth testified that respondent's response to being advised that he was diabetic was not intelligent and that people often, after such advice, go through a variety of psychological phases, including denial.

Dr. Buth further testified it appeared to him that, since his treatment of the respondent, the respondent had become more rational in his thinking.

Respondent testified that, during the year before he saw Dr. Buth, his work had become increasingly more difficult, and he would experience mood swings, extreme tiredness, frustration, and vision changes. At the time respondent testified on February 27, 1989, he said he now admits that he is a diabetic, which he denied when he first saw Dr. Buth.

Respondent further testified that he is taking his medication regularly and feels now that he has no physical limitations in practicing law, as he had before he began his diabetic treatment. He further testified that he now understands more as to how his physical condition and his diabetes can affect him.

In the last complaint, respondent was charged with neglect in handling a legal matter and failing to carry out his contract of employment in regard to a simple divorce action and not returning, upon request, the advance payment of his fees and court costs to the complainant. He was also charged with failing to assist the disciplinary administrator in investigating the complaint, in violation of Supreme Court Rule 207.

The complainant's unrefuted testimony is that, on October 26, 1987, she engaged the respondent to represent her in obtaining a Kansas divorce from her estranged husband, who was in Arizona, and paid respondent his required retainer fee of $750 plus the required $60 court cost filing fee.

On that same day, the respondent wrote a letter to the complainant confirming his employment, which correspondence fairly and fully explained their fee arrangement.

In January 1988, complainant met with respondent because he had not yet filed the action for her divorce nor contacted her estranged husband in Arizona. By correspondence dated June 13, 1988, the complainant wrote the respondent a letter terminating her employment of respondent and requesting a return of

the money she had paid him because the respondent had not yet filed her divorce action. Respondent had failed to respond to this request up to the time of the hearing on May 23, 1989.

Prior to her correspondence of June 13, 1988, and after her meeting with respondent in January 1988, the complainant repeatedly called respondent's office, leaving messages for him to return her calls, but respondent never returned any of those calls. The complainant subsequently hired another attorney and paid additional sums for attorney fees to secure her divorce.

The evidence clearly established that, although the respondent was duly notified by mail of the hearing with a certificate of mailing dated April 12, 1989, the respondent did not appear at the hearing scheduled for May 23, 1989. The evidence further clearly established that the respondent was also notified of the hearing scheduled for May 23, 1989, by letters from the disciplinary administrator's office dated April 7 and May 9, 1989. Nevertheless, the respondent neither appeared at the hearing in person or by counsel on May 23, 1989, nor did he file a written response to the formal complaint.

The evidence further clearly established that the respondent was contacted by two letters from the disciplinary administrator dated July 1 and August 1, 1988, requesting respondent to respond to the disciplinary administrator's office in writing to the complaint made against him, to which the respondent failed to respond.

Furthermore, the respondent was then contacted by letters dated August 15 and October 17, 1988, by a member of the Wichita bar who had been assigned by the disciplinary administrator's office to investigate the complaint. This correspondence requested respondent to respond to the complaint in writing. No response by the respondent was made to these requests.

The panel unanimously found that "the Respondent violated Supreme Court Rule 207 in his failure to cooperate in the investigation of all four complaints herein." The panel further unanimously found that, as to complaints I, II, and III, "the Respondent has violated Canon 6 [1988 Kan. Ct. R. Annot. 164] and Canon 7 [1988 Kan. Ct. R. Annot. 168] in that he has neglected legal matters entrusted to him anad failed to carry out his contracts of employment with the complainants."

The panel further unanimously found that, as to the second complaint:

"[T]he Respondent has violated Canon 9 [1988 Kan. Ct. R. Annot. 179] and Canon 1 [1988 Kan. Ct. R. Annot. 142] in that he has failed to promptly pay or deliver to his client, at the client's request, funds in his possession which the client is entitled to receive, and that Respondent's conduct in ignoring the many requests of the Disciplinary Administrator for a response to the complaint and ignoring the many notices of hearing herein is conduct that adversely reflects on Respondent's fitness to practice law."

Prior to the hearing on May 23, 1989, the panel found the effects of the diabetes a persuasive and extremely mitigating factor on the discipline to be recommended. The panel was prepared to recommend informal admonition with supervision, but the report was held in abeyance pending the hearing on the subsequent complaint. The panel's report reflects the change in the panel's recommendation following the May 23 hearing:

"While the testimony of Dr. Buth in the first three cases establishes a time frame in which Respondent's mentality would have been affected by his undiagnosed diabetic condition in Respondent's handling of the matter giving rise to the [second] complaint, . . . such testimony does not explain Respondent's lack of response to the Disciplinary Administrator's office in this matter since the filing of the fourth complaint on April 12, 1989. Indeed, Respondent's own testimony on February 23, 1989, revealed that he was in control.

"Accordingly, it is the unanimous recommendation of the panel that the Respondent be disciplined by being suspended from the practice of law."

We find that there is clear and convincing evidence establishing that Mr. Linn violated DR 1-102 and DR 1-103 (1988 Kan. Ct. R. Annot. 143), DR 6-101(A)(3) (1988 Kan. Ct. R. Annot. 164), DR 7-101(A)(2) (1988 Kan. Ct. R. Annot. 168), DR 9-102(B) (1988 Kan. Ct. R. Annot. 179), and Supreme Court Rule 207. We agree with the panel that Mr. Linn's conduct is serious. We also agree that the undiagnosed diabetes substantially affected respondent's behavior and, as such, is an extremely mitigating factor in determining the discipline to be imposed in this case. Unlike the panel, we do not feel it is less a mitigating factor due to the subsequent complaint. We feel that discipline should be suspended and that respondent be placed on probation.

IT IS THE ORDER OF THE COURT that the imposition of discipline against Mr. Linn be and is hereby suspended, and he is placed on probation for the period of one year on the following conditions:

1. That he not violate any of the Model Rules of Professional Conduct or the Disciplinary Rules;

2. that he cooperate fully with his supervising attorney and the disciplinary administrator;

3. that his practice of law be supervised by a practicing attorney to be named by and accountable to the disciplinary administrator;

4. that respondent make restitution to the complainant in the last complaint in the sum of $810, representing the retainer fee of $750 and costs of $60; and

5. that he pay the 1989-90 attorney registration fee together with any late penalty.

The supervising attorney shall report respondent's progress to the disciplinary administrator on a quarterly basis. The disciplinary administrator shall submit a report to this court at the end of one year and, upon receipt of the report, this court shall upon notice make such further order as justice may require.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to the respondent, and this court shall take whatever disciplinary action it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the Kansas Reports, and that respondent pay the costs of these proceedings.

SIX, J., not participating.